UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DOUG VANNER, ET AL. § | |
| § | |
| v. § | |
| § | CIVIL NO. 4:23-CV-890-SDJ |
| SPINNAKER INSURANCE § | |
| COMPANY, ET AL. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Doug and Trisha Vanner's Motion to Remand. (Dkt. #6). Defendant Spinnaker Insurance Company ("Spinnaker") filed a response in opposition. (Dkt. #7). Having considered the motion, Spinnaker's response, and the applicable law, the Court concludes that the motion should be **DENIED**.

**I. BACKGROUND**

Plaintiffs Doug and Trisha Vanner (collectively, "the Vanners") own a homeowners insurance policy issued by Spinnaker. After the Vanners' property sustained water damage, they submitted a claim under the policy for the cost of repairs. The Vanners reported that the property sustained wind/hail related damages including, but not limited to, damage to the plumbing, HVAC, electrical, and interior of the dwelling. Spinnaker hired Defendant Roberto Balladares to investigate and adjust the claim. Balladares, in turn, engaged an adjusting service company to conduct an inspection of the Vanners' property.

Due to disagreement with Spinnaker as to the value of the loss and scope of damage, the Vanners brought suit in the 442nd Judicial District Court of Denton County, Texas, asserting claims for breach of contract and breach of the duty of good

1

faith and fair dealing, along with various violations of the Texas Insurance Code. (Dkt. #4 at 8–15). After the action was filed, on October 3, 2023, Spinnaker filed its Election of Legal Responsibility pursuant to Texas Insurance Code § 542A.006, accepting any liability on behalf of Balladares for his acts or omissions related to the Vanners' claim. (Dkt. #1-1 at 40–42).[1] The order granting the Election of Legal Responsibility was signed on October 5, 2023, dismissing Balladares with prejudice. (Dkt. #1-1 at 44).

Thereafter, Spinnaker removed this case based on diversity of citizenship, asserting in the alternative that the Vanners improperly joined Balladares because they failed to plead specific, actionable facts to support their claims against Balladares, that are distinct from their claims against Spinnaker. (Dkt. #1). Accordingly, Spinnaker argues that the Court should disregard Balladares's citizenship for jurisdictional purposes. The Vanners subsequently filed the remand motion that is currently before the Court, arguing that the Court lacks diversity jurisdiction because Balladares, as a Texas citizen, was a proper party when the Vanners filed their initial pleading and that he was not improperly joined. (Dkt. #6).

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1441. The removing party bears the burden of establishing that federal

---

[1] The Vanners do not dispute that "Spinnaker accepted liability for any and all liability Balladares may have had for Plaintiffs' claims." (Dkt. #6 at 7).

2

jurisdiction exists. *Manguno*, 276 F.3d at 723. In determining whether federal jurisdiction exists, the court considers the claims in the state court petition, as they existed at the time of removal, and construes any ambiguities against removal. *Id.*

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Proper jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted).

The "starting point" for analyzing claims of improper joinder is the federal removal statute. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). That statute permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). It further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, proper joinder must be established for a federal district court to exercise jurisdiction over a removed action.

The Fifth Circuit has recognized that if a party establishes improper joinder, "the court may disregard the citizenship of that [improperly joined] defendant,

3

dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 473 (5th Cir. 2022) (per curiam) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). For the latter option, a defendant must show, under a Rule 12(b)(6)-type analysis, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Advanced Indicator*, 50 F.4th at 473 (quoting *Travis*, 326 F.3d at 646–47). Importantly, the court must determine "the plaintiff's possibility of recovery against that defendant *at the time of removal.*" *Id.* (quoting *Flagg*, 819 F.3d at 137).

The Fifth Circuit has confirmed that there is no possibility of recovery against an adjuster when the carrier has accepted liability before the case is removed to federal court. *Id.* at 474. Section 542A.006 of the Texas Insurance Code allows an insurer to elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim, and such an election may be made either before or after suit is filed. *See* TEX. INS. CODE § 542A.006(a)–(c). In *Advanced Indicator*, the Fifth Circuit resolved a dispute among lower courts when it held that, even when an insurer makes the Section 542A.006 election after a state court suit is filed, so long as the election is made prior to removal, the agent is necessarily an

4

improper defendant for purposes of removal jurisdiction. 50 F.4th at 475. That is because, as soon as the insurer's election was made, Texas statutory law required that "the court shall dismiss the action against the agent with prejudice." TEX. INS. CODE § 542A.006(c); *Nguyen v. AmGuard Ins. Co.*, No. 4:22-CV-175-SDJ, 2022 WL 17477545, at *2–*3 (E.D. Tex. Dec. 6, 2022) ("[W]henever an insurer accepts liability of its agent under the Texas statute prior to removal, the district court may properly conclude that, at the time of removal, there was no possibility of recovery against the agent." (cleaned up)). Therefore, when the carrier has accepted liability before removal of the case, "the court shall dismiss the action against the agent with prejudice." *Advanced Indicator*, 50 F.4th at 475 (quoting TEX. INS. CODE § 542A.006(c)).

### III. DISCUSSION

Here, the relevant facts mirror those of *Advanced Indicator*. Similar to how the carrier in *Advanced Indicator* elected to accept responsibility for the adjuster under § 542A.006, *id.* at 472, Spinnaker elected to accept responsibility for Balladares before the case was removed to federal court. (Dkt. #1-1 at 40–42). Because of this election, and because all of the Vanners' claims against Balladares fall within the scope of his employment with Spinnaker, there was no possibility of recovery against Balladares at the time of the removal. This Court, and other courts in this circuit, have applied *Advanced Indicator* and reached similar conclusions. *See Crain v. Bankers Standard Ins. Co.*, No. 4:23-CV-00710-O, 2023 WL 5333238 (N.D. Tex. Aug. 18, 2023) (dismissing with prejudice Plaintiff's claims against agent after finding that there was no possibility of recovering against agent at time of removal); *Young v. Meridian*

*Sec. Ins. Co.*, No. 4:22-CV-00982, 2023 WL 4305124 (E.D. Tex. June 30, 2023) (same); *Nguyen*, 2022 WL 17477545, at *3 (same).

The Court finds that Balladares is an improperly joined party. Accordingly, Balladares's citizenship cannot be considered when determining whether complete diversity exists between the parties under 28 U.S.C. § 1332(a), and the remaining parties are completely diverse.[2] And the Vanners do not dispute that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, the Court's continued jurisdiction over this matter is proper.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, (Dkt. #6), is **DENIED**.

**So ORDERED and SIGNED this 14th day of May, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[2] The Vanners are citizens of Texas and Spinnaker is a citizen of Illinois because it is a corporation incorporated in Illinois and it maintains its principal place of business in Illinois. (Dkt. #1 at 2). Therefore, complete diversity exists. 28 U.S.C. § 1332(a).